UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: MATTHEW ALLEN, Debtor, | ) | |
| | ) | |
| | ) | District Court Case No. |
| MARILYN WILSON, | ) | 1:13-cv-01907-TWP-MJD |
| | ) | |
| Appellant, | ) | Bankruptcy Court Cause No. |
| | ) | 12-08392 |
| vs. | ) | |
| | ) | Adversary Proceeding No. |
| MATTHEW ALLEN, | ) | 12-50311 |
| | ) | |
| Appellee. | ) | |
| | ) | |

## ENTRY ON BANKRUPTCY APPEAL

This matter is before the Court on an appeal from a Chapter 7 Bankruptcy ruling, filed by

Appellant Marilyn Wilson ("Ms. Wilson") under 28 U.S.C. § 158 and Bankruptcy Rule 8003.

([Filing No. 1](#)).  This is an appeal from a final order of the United States Bankruptcy Court for the

Southern District of Indiana ("Bankruptcy Court") entering judgment for Defendant/Debtor

Matthew Allen ("Mr. Allen") and against Ms. Wilson in an adversary proceeding filed in Mr.

Allen's bankruptcy case.  For the reasons set forth below, the ruling of the Bankruptcy Court is

**AFFIRMED**.

##           I           BACKGROUND

Ms. Wilson was acquainted with Mr. Allen through her job as a cashier in Anderson,

Indiana.  Ms. Wilson occasionally allowed Mr. Allen to perform minor work on one of her

vehicles, and also had him do minor chores for her such as mowing the lawn, replacing roof

shingles, and moving furniture, for which she paid him in cash.  In 2008 or 2009, Ms. Wilson's

boss, Mr. Childers, transferred a Ford Mustang to her and allowed her to make payments on the vehicle through deductions from her paycheck. Ms. Wilson asked Mr. Allen to perform repair work on her Mustang and allowed him to also drive it while he was performing the repairs. She claims that because she owed Mr. Allen money, Ms. Wilson placed Mr. Allen's name on the title as a lienholder. In February 2010, Mr. Allen was listed as the owner on the vehicle title. Ms. Wilson alleges that Mr. Allen forged her signature on the title of the Mustang and sold it to a third party without her knowledge or consent. However, Mr. Allen alleges that Ms. Wilson transferred the vehicle to him and gave him consent to sell the vehicle in satisfaction of debts that Ms. Wilson owed to him, including amounts owed to repair the vehicle. Ms. Wilson filed a claim against Mr. Allen in small claims court in July 2010, and Mr. Allen agreed to a confessed judgment in the amount of $5,000. *See* [Filing No. 7-1, at ECF p. 1](#). After about a year and a half, during which time Mr. Allen paid Ms. Wilson $800 in satisfaction of the judgment, he filed for bankruptcy on July 14, 2012, and all enforcement of the judgment was stayed.

Ms. Wilson filed an adversary action against Mr. Allen on October 9, 2012, objecting to the discharge of the $5,000 judgment. The Bankruptcy Court held a trial on September 9, 2013, and questioned both Ms. Wilson and Mr. Allen regarding the circumstances that gave rise to their dispute. The Bankruptcy Court below found that the selling price of the vehicle at issue was originally $1,975.00 when it was transferred to Ms. Wilson, upon which Ms. Wilson paid approximately one half of this amount through payments taken out of her paycheck. Further, the Bankruptcy Court found that Mr. Allen had paid Ms. Wilson $800.00 in satisfaction of the judgment, which was approximately the amount that Ms. Wilson ultimately paid for the vehicle. The Bankruptcy Court concluded that there was no remaining debt that was non-dischargeable under §523(a)(2), (4), or (6), thus finding that the remaining debt owed to Ms. Wilson was

dischargeable in Mr. Allen's Chapter 7 bankruptcy.  The Bankruptcy Court entered judgment for

Mr. Allen on September 16, 2013.

## II.     BANKRUPTCY APPEAL STANDARD

This Court has jurisdiction of this appeal under 28 U.S.C. § 158(a)(1), which grants the

district court jurisdiction to hear appeals from final judgments, orders, and decrees of the

bankruptcy court.  "When a party appeals a bankruptcy court's decision under 28 U.S.C. § 158(a),

district courts review a bankruptcy court's factual findings for clear error, and legal conclusions

and the legal significance accorded to facts *de novo.*"  *In re Brown*, 444 B.R. 173, 175 (S.D. Ind.

2011) (citing *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010); *Matter of Sheridan*, 57 F.3d

627, 633 (7th Cir. 1995)). *De novo* review requires an independent examination of the applicable

law without deference to the bankruptcy court's conclusions.  *Id.*

## III.     DISCUSSION

### A.  Findings of Fact

Upon review of the record, the Court finds that the Bankruptcy Court did not commit clear

error in its factual findings.  The Bankruptcy Court found that it was not clear from the conflicting

testimony of Ms. Wilson and Mr. Allen, along with the documents placed into evidence, the exact

series of events that concluded in the sale of Ms. Wilson's vehicle.  (Filing No. 10, at ECF p. 21).

What the Bankruptcy Court was able to conclude, however, is that Mr. Allen was voluntarily

placed on the title as a lienholder; Mr. Allen was then placed on the title as the owner prior to the

vehicle's transfer to a third party; the amount paid by Mr. Allen in satisfaction of the judgment

approximately equaled the amount that Ms. Wilson paid toward the purchase price of the vehicle,

and that no amounts beyond this fell within the non-dischargeablity exceptions of § 523(a). (Filing

No. 10, at ECF p. 21).  "[I]t is for the bankruptcy court to assess the credibility of witnesses and

weigh evidence, and [the reviewing court] will not second guess the court's resolution of conflicting evidence." *Freeland v. Enodis Corp.*, 540 F.3d 721, 734 (7th Cir. 2008). The evidence and testimony do not conflict with the Bankruptcy Court's factual findings. As such, the Court finds that the Bankruptcy Court's findings were not clear error, and will not disturb the factual findings of the court below.

## B. Legal Conclusions

Ms. Wilson argues that the Bankruptcy Court erred by finding in favor of Mr. Allen in the adversary proceeding, asserting that due to the "criminal" nature of actions that gave rise to the debt, it was non-dischargeable in Mr. Allen's Chapter 7 bankruptcy. Section 523(a) of the United States Bankruptcy Code provides an exemption for discharge of certain debts. The fraud exception to dischargeability under § 523(a)(2)(A) exempts debts for money or property to the extent obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(4) exempts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," and § 523(a)(6) exempts debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Reviewing the conclusions of law *de novo*, this Court finds that the Bankruptcy Court did not err in finding that the remainder of the $5,000.00 judgment, or $4,200, did not fall within any of the exceptions under § 523(a), and was therefore dischargeable. A debt is excepted from discharge under Section 523(a)(6) if the debt is for "willful or malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). It is not enough for a debtor to commit an intentional act that leads to injury; the injury itself must be deliberate or intentional for a debt to be excepted from discharge under this section. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Thus, in order to sustain an action under § 523(a)(6), a creditor must

demonstrate (1) that the debtor's actions caused an "injury" to the person or property interest of the creditor; (2) that the debtor's actions which caused the injury were the result of willful conduct by the debtor by which the debtor intended to effect an injury to the property interest of the creditor; and (3) that the debtor's "willful" acts were undertaken in a "malicious" manner. *In re Whiters*, 337 B.R. 326, 339 (Bankr. N.D. Ind. 2006). The burden is on the creditor to prove these factors by a preponderance of the evidence, and "exceptions to discharge are to be construed strictly against a creditor and in favor of the debtor." *Id.* (quoting *In re Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992)).

The Court finds that Ms. Wilson has not met her burden of proving, by a preponderance of the evidence, that her debt against Mr. Allen satisfies the requirements of § 523(a)(6). First, Ms. Wilson has not proven that she suffered an "injury" for which she has not been compensated. The factual findings by the Bankruptcy Court show that Ms. Wilson paid approximately half of the $1,975.00 sale price, and that Mr. Allen paid $800.00 in partial satisfaction of the judgment Ms. Wilson had against him. (Filing No. 10, at ECF p. 21). In addition, the factual findings show that Mr. Allen performed work on the vehicle for which he was not compensated by Ms. Wilson. (Filing No. 10, at ECF pp. 16-17). As such, the Bankruptcy Court found that Ms. Wilson had already received the value that she paid for the vehicle, and this Court finds that she did not therefore suffer an "injury" for purposes of § 523(a)(6). Filing No. 10, at ECF pp. 21-22.

The Court further finds that Ms. Wilson has not shown that Mr. Allen acted in a willful or malicious manner. Ms. Wilson intentionally put Mr. Allen on the title of her vehicle as the first lienholder, and admittedly owed him money prior to any work being done on the vehicle. (Filing No. 10, at ECF p. 6). The evidence also showed that Mr. Allen did perform work on the vehicle for which he was never paid, and he subsequently sold the vehicle. (Filing No. 10, at ECF p. 16).

Because these facts are to be strictly construed against Ms. Wilson as the creditor, the Court agrees with the Bankruptcy Court's conclusion that Mr. Allen's sale of the vehicle was not willful or malicious, but rather appeared to be for the purpose of recovering the cost of the repairs to the vehicle for which he was never paid. Ms. Wilson did not present sufficient evidence that Mr. Allen forged her signature to transfer title to himself in order to sell the vehicle, and at most there was a breach of an oral agreement between Mr. Allen and Ms. Wilson regarding whether he had consent to sell the vehicle to cover the costs of the repairs, as well as the other money owed to him by Ms. Wilson. *See In re Whiters*, 337 B.R. at 339 ("[U]nder 11 U.S.C. § 523(a)(6) the mere failure to abide by contractual obligations is insufficient to sustain an exception to discharge."). As such, the facts do not show "actual intent to cause injury" as is required by the Supreme Court for a finding of willfulness. *Geiger*, 523 U.S. at 61. Therefore, for this additional reason, the Court concludes that the debt at issue does not fall within the exception to discharge in § 523(a)(6).

Second, the Court also finds that Ms. Wilson has not satisfied her burden of showing that Mr. Allen's debt falls within the exception under § 523(a)(2)(A), which is a claim for actual fraud. In order for a creditor to receive an exception from discharge under 11 U.S.C. § 523(a)(2)(A), a creditor must show (1) that the debtor made a false representation or omission; (2) that the debtor knew was false or made with reckless disregard for the truth and was made with the intent to deceive; and (3) the creditor justifiably relied upon the false representation. *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010). The Bankruptcy Court's findings of fact show that Ms. Wilson knowingly placed Mr. Allen on the title of the vehicle as a first lienholder, and that Mr. Allen was then listed as the sole title holder of the vehicle. There was no finding that the placement of Mr. Allen's name on the title, either as lienholder or as owner, was the result of a false

representation or omission by Mr. Allen upon which Ms. Wilson relied.  Therefore, the Court finds that the debt is not exempted from discharge under § 523(a)(2)(A).

Finally, with respect to non-dischargeablity under 11 U.S.C. § 523(a)(4), Ms. Wilson has also not satisfied her burden of showing that this exception applies. Section 523(a)(4) does not allow a debtor to discharge a debt incurred as a result of the debtor's embezzlement.  *In re Weber*, 892 F.2d 534, 538 (7th Cir. 1989).  "Embezzlement, under § 523(a)(4), is defined as the fraudulent appropriation of the creditor's property by the debtor to whom it has been entrusted or into whose hands it has lawfully come."  *In re Fowers*, 360 B.R. 888, 898 (Bankr. N.D. Ind. 2007).  In order to prove embezzlement, the creditor must show that (1) the debtor appropriated the funds for his own benefit; and (2) the debtor did so with fraudulent intent or deceit.  *Id.* (quoting *In re Weber*, 892 F.2d at 538-9).  "[B]efore a creditor can make a claim of nondischargeability for embezzlement or larceny, it must show that the property allegedly embezzled/'larcened' by the debtor was property of the creditor."  *Id.*

The factual findings of the Bankruptcy Court show that Ms. Wilson failed to meet the threshold requirement of showing that the vehicle was her property at the time it was sold to a third party.  The title of the vehicle was in Mr. Allen's name, and he also had possession of the vehicle. (Filing No. 10, at ECF p. 14).  Ms. Wilson did not meet her burden to prove that Mr. Allen either obtained title to the vehicle through fraud, nor that he fraudulently transferred the vehicle to a third party.  Therefore, the Court finds that the debt does not satisfy the requirements of non-dischargeability under § 523(a)(4).

## IV.    CONCLUSION

For the forgoing reasons, the Court finds that the Bankruptcy Court did not err in finding that the $4,200.00 judgment debt in favor of Ms. Wilson was dischargeable in Mr. Allen's Chapter 7 bankruptcy, and therefore **AFFIRMS** the order of the Bankruptcy Court.  Ms. Wilson's appeal is **DISMISSED**.

SO ORDERED.

Date:  9/15/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MARILYN  WILSON
2894 E. 100 South
Anderson, IN 46017

MATTHEW  ALLEN
1240 W. 60th Street
Anderson, IN 46013